Riley T. **ROBINSON**, Plaintiff,

v.

Elliot L. **RICHARDSON**, Secretary of Health, Education, and Welfare, Defendant.

Civ. No. 4–71–18.

United States District Court, D. Idaho.

March 27, 1972.

Kenneth F Clarke, Blackfoot, Idaho, for plaintiff.

Sidney E. Smith, U. S. Dist. Atty., Boise Idaho, for defendant.

## MEMORANDUM OPINION AND JUDGMENT

McNICHOLS, Chief Judge.

Plaintiff, Riley T. Robinson, brought this case to review an unfavorable decision of the defendant Secretary of Health, Education, and Welfare (hereinafter the "Secretary") denying him disability payments under the Social Security Act (hereinafter the "Act"). The matter has been submitted for final determination. A transcript of the entire file developed before the Agency has been provided and briefs have been filed.

Judicial review of final Agency action is authorized by Section 205(g) of the Act (42 U.S.C. § 405(g). Such review is severely limited by the following language excerpted from Section 205(g):

" . . . The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."

I have studied the transcript with care and have considered the briefs filed by the respective parties. The picture which emerges from the record is one frequently seen these days by the United States District Courts. A World War II veteran, now in his middle fifties, has painful residuals from injuries which are Service connected. The Veterans Administration considers him totally disabled and provides a pension. He is unable to do the kind of work for which he is trained. On this basis, the plaintiff feels he is totally disabled and therefore entitled to the Social Security benefits for which he has eligibility.

The test for disability under the Act is a rigid one. The applicant must prove his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." (42 U.S.C. § 423(d) (1) (A)).

Here the Secretary has found that the plaintiff does have the ability to do some light work and consequently is not disabled from engaging in substantial gainful employment. This finding is supported by substantial evidence. I am duty bound to accept that finding.

Plaintiff goes on to point out that he doesn't believe any light work, such as the Secretary feels he can do, exists in his immediate area. This is probably true. However, the Act, as amended in 1967, specifically limits coverage to persons under disability who cannot engage in any substantial gainful work "which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . ." (42 U.S.C. § 423(d) (2) (A)). So the argument that no such work exists in the Blackfoot area of Idaho is unavailing to the plaintiff.

Based on the record before me, I find that the determination of the Secretary

is based on substantial evidence and that the appropriate law has been applied. The Secretary's decision must be affirmed.

It is therefore ordered that judgment is hereby entered for the defendant and against the plaintiff. No costs will be allowed.